14-706-cv
*Burns v. City of Utica*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand fourteen.

PRESENT:

Ralph K. Winter,
John M. Walker, Jr.,
José A. Cabranes,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Julianne Burns,

        *Plaintiff-Appellant,*

Christopher Burns,

        *Plaintiff,*

        -v.-                                        No. 14-706-cv

City of Utica, Linda Fatata, Armond Festine, and Michael Knapp,

        *Defendants-Appellees.*[*]
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**FOR PLAINTIFF-APPELLANT:**          Frank Policelli, Utica, NY

**FOR DEFENDANTS-APPELLEES**
**CITY OF UTICA, LINDA FATATA,**
**ARMOND FESTINE:**                    Zachary C. Oren, Utica, NY

---

[*] We direct the Clerk of Court to amend the caption as noted.

**FOR DEFENDANT-APPELLEE**
**MICHAEL KNAPP:**                    Ronald G. Dunn, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Julianne Burns appeals from the District Court's February 20, 2014, judgment granting defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Specifically, Burns appeals the dismissal of six claims: (1) a claim under New York State Executive Law § 296; (2) a Title VII sexual harassment claim against the City of Utica, *see* 42 U.S.C. §§ 2000e *et seq.*; (3) a Title VII retaliation claim against the City of Utica; (4) a Section 1983 gender discrimination claim against defendant Michael Knapp, *see* 42 U.S.C. § 1983; (5) a Section 1983 gender discrimination claim against the City of Utica; and (6) a Section 1985 claim, asserting that the individual defendants and others conspired to violate Burns's constitutional rights, *see* 42 U.S.C. § 1985.[1] The District Court dismissed the N.Y. Exec. Law § 296 claim under Rule 12(b)(1) and all other claims under Rule 12(b)(6).

---

[1] Burns chose not to appeal the dismissal of several other claims asserted in her Complaint.

2

## BACKGROUND

The City of Utica ("City") has employed Burns as a firefighter since June 3, 2002. Burns alleges that, in the spring of 2010, another firefighter, Michael Knapp, sexually assaulted her in her workplace. On September 8, 2010, Burns filed a formal complaint with Russell Brooks, Chief of the Utica Fire Department. The City's Office of Corporation Counsel conducted an investigation into the incident. At the time of the investigation, defendant Linda Fatata was the City's Corporation Counsel, and defendant Armond Festine was Assistant Corporation Counsel. Andrew LaLonde was hired as a Special Assistant Corporation Counsel.

In the fall of 2010, Dr. Julia Grant, Ph.D., diagnosed Burns as suffering from Post-Traumatic Stress Disorder ("PTSD") caused by the assault. On October 12, 2010, Burns applied for disability benefits pursuant to § 207(a) of the New York General Municipal Law. On January 26, 2011, at the City's request, Dr. Lawrence Farago conducted a psychiatric evaluation of Burns. Dr. Farago concluded that Burns did not suffer from PTSD and that she could return to work. On February 23, 2011, Burns's claim for disability benefits under § 207(a) was denied by the City. Burns demanded, pursuant to § 10 of the Collective Bargaining Agreement, to have an independent arbitrator review the denial.

On March 12, 2012, the arbitrator issued his opinion and award, which upheld the denial of § 207(a) benefits.

Meanwhile, the City pursued disciplinary charges against Knapp. On September 17, 2010, shortly after Burns filed her complaint, Chief Brooks placed Knapp on administrative leave. Under the Collective Bargaining Agreement, Knapp was entitled to, and asked for, a hearing before an independent arbitrator to adjudicate the allegations made against him by Burns. On March 31, 2012, the arbitrator concluded that the City had failed to meet its burden to prove by a preponderance of the evidence that Knapp had sexually assaulted Burns. Accordingly, Knapp was restored to his position with the Fire Department. On August 10, 2012, the City directed Burns to return to work. Burns asserts that, once she returned to work, she suffered multiple anxiety attacks as a result of coming into contact with Knapp during the course of her duties.

## DISCUSSION

The District Court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(1) or 12(b)(6) is reviewed *de novo*. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a

4

Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## A. Title VII Sexual Harassment

The District Court dismissed Burns's Title VII sexual harassment claim against the City under Rule 12(b)(6). The alleged harasser in this case, Knapp, was Burns's co-worker. "Where an employee is the victim of sexual harassment, including harassment in the form of a hostile work environment, by non-supervisory co-workers, an employer's vicarious liability depends on the plaintiff showing that the employer knew (or reasonably should have known) about the harassment but failed to take appropriate remedial action." *Petrosino v. Bell Atl.*, 385 F.3d 210, 225 (2d Cir. 2004); *see also Kotcher v. Rosa & Sullivan Appliance Ctr., Inc.*, 957 F.2d 59, 63 (2d Cir. 1992) (an employer may only be held liable for harassment by a co-worker when the employer "either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it").

Appellant's complaint fails to plausibly allege that the City failed to act conscientiously in response to her complaint. It is undisputed that the City suspended Knapp, albeit with pay, soon after receiving Burns's complaint of harassment. Knapp returned to work only after the independent arbitrator appointed

5

pursuant to the Collective Agreement concluded that the City had failed to prove the charges against Knapp. Appellant's complaint attacks this decision as against the evidence and the product of a conclusorily-alleged conspiracy against her involving Fatata, Festine, LaLonde, and Farago. However, neither the face of the arbitration decision nor the facts alleged in the complaint plausibly support this claim. In fact, the City charged Knapp with, inter alia, sexually assaulting Burns, presented evidence of the assault, but lost the arbitration.

Appellant asserts that the City's efforts were illusory and that the disciplinary hearing against Knapp was "irreparably flawed by the conflict of interest of Festine, who had everything to gain by disproving" Burns's allegation of sexual harassment. Burns attacks Festine's role as the City representative both at Burns's disability hearing and Knapp's disciplinary hearing, his alleged animosity toward her husband, and his earlier representation of Farago in a divorce proceeding.

None of these supposed conflicts is sufficient to constitute a failure by the City to respond appropriately to appellant's claims of sexual harassment. In fact, the City brought charges against Knapp and sought his termination. Only two facts are alleged in support of the claim of an illusory response by the City. First, Burns alleges that during his opening statements in both the Knapp and disability hearings, Festine questioned Burns'

6

credibility.[2]   However, in Knapp's disciplinary hearing, the City called Burns as a witness and argued for Knapp's termination.  *See id.* 175.  The City also argued that Knapp was not credible.  *Id.* 174 ("While Firefighter Knapp has denied the incident it is evident from his evasive and untruthful responses . . . that an incident took place . . . .").  Second, Burns alleges that Festine failed to interview her during the investigation.  However, the City had both her complaint and the tape of Burns's recorded call to Knapp that is alleged to have incriminated him and was the strongest evidence against him.  Burns has pointed to no evidence alleged to have been undisclosed as a result of the City's failure to interview.

While Festine represented the City at both arbitration hearings, Burns does not plausibly allege that this resulted in the lack of a conscientious response by the City.  Both the disability and disciplinary proceedings were ultimately decided by neutral arbitrators.  Burns alleges at length that the arbitrators disregarded the evidence in both cases, but this action is not the forum in which to challenge arbitration decisions.  *See, e.g.*, *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) (collateral estoppel precludes relitigation of issues decided in arbitration).

---

[2] Burn's credibility was contested in the Knapp proceeding because she was the principal witness against Knapp and had not reported the assault, which occurred in the Spring, until the Fall.

Accordingly, Burns has failed to plead sufficient facts to support the claim that the City conducted a "sham" investigation of her claims of sexual harassment and, therefore, "failed to take appropriate remedial action." *Id.* at 65.

## B. Title VII Retaliation

The District Court also dismissed, under Rule 12(b)(6), Burns's Title VII retaliation claim against the City. Such claims are analyzed under the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which requires that, to establish a *prima facie* case, the plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (internal quotation marks omitted). Although Burns's burden at the first stage is *de minimis*, the District Court dismissed the retaliation claim on the grounds that Burns had failed to plead facts that would "plausibly suggest" that the City "took any adverse action against her."

An adverse employment action is a "materially adverse change in the terms and conditions of employment." *Sanders v. N.Y. City Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004) (internal quotation marks omitted). "To be materially adverse, a change in

8

working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008). "Examples of such a change include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Id.; see also Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 128 (2d Cir. 2004).

While it is undisputed that Burns was not terminated or demoted, Burns asserts that she suffered other adverse actions. These other actions, however, are neither adverse under Title VII, nor attributable to any action taken by the City. Burns asserts that she was: (1) directed to return to work under unsuitable conditions in April 2011, which resulted in her taking an unwanted, unpaid leave of absence from the Fire Department; (2) placed in a "negative sick leave situation" as a result of the City's denial of her disability claim; and (3) required to undergo "a certain amount of remedial training before returning to work. But Burns was required to return to work at her previous position only after an independent arbitrator determined that she was not disabled. That decision was not an adverse employment action under Title VII. Moreover, the fact that Burns lost sick leave pay was not the result of any retaliation by the

9

City -- the days of work she missed were not covered by sick leave because the arbitrator determined that Burns was not disabled.  Finally, the fact that Burns was required to undergo remedial training after missing so much work was not an adverse action.  Rather, requiring such training was a reasonable safety precaution to ensure that Burns could perform her duties as a firefighter after being absent from work for several months.

## C.  Section 1983 Claim Against Knapp

The District Court also dismissed, under Rule 12(b)(6), Burns's Section 1983 claim against Knapp on the grounds that Knapp was not acting under color of state law when he allegedly assaulted Burns.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by persons acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."  *Id.* at 50.

Burns asserts that the fact that Knapp and Burns were working at the firehouse the night of the alleged assault is sufficient to establish that Knapp was acting under the color of state law.  However, "[i]t is axiomatic that under color of law means pretense of law and that acts of officers in the ambit of

10

their personal pursuits are plainly excluded." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (internal quotation marks excluded)*; see also Wyatt v. Cole*, 504 U.S. 158, 161 ("The purpose of § 1983 is to deter state actors from using the *badge of their authority* to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." (emphasis added)).  Because "there is no bright line test for distinguishing personal pursuits from activities taken under color of law," we look to "the nature of the officer's act" to determine whether he acted under color of state law, not just his "status" of being on or off official duty.  *Pitchell v. Callan*, 13 F.3d 545, 548 (2d Cir. 1994) (internal quotation marks omitted).

Here, Knapp's alleged sexual assault of Burns, if proven, was palpably a personal pursuit entirely unrelated to his duties as a firefighter.  Because the conduct alleged was therefore not committed under the color of state law, the District Court's dismissal of Burns's Section 1983 claim against Knapp is affirmed.

### D.  Section 1983 Claim Against the City

The District Court also dismissed, under Rule 12(b)(6), Burns's Section 1983 claim against the City.  To state a Section 1983 claim against a municipality, a plaintiff must allege that a governmental custom, policy, or usage caused her injury.  *See*

11

*Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978); *see also Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the moving force behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997).

Here, Burns asserts that the flawed investigation conducted by defendants Festine and Fatata into her sexual assault claim was a violation of her rights under the Equal Protection Clause. However, as discussed, she has not sufficiently alleged that the investigation into her assault claim was flawed, and, therefore, cannot plausibly suggest that a governmental custom, policy, or usage on the part of the City of Utica injured her.

### E. Section 1985 Claim

The District Court also dismissed Burns's Section 1985 claim against the individual defendants. The complaint names Festine, Fatata, Farago, and LaLonde as co-conspirators in a plan to conduct a purposely inadequate investigation into Burns's sexual harassment claim.

The District Court correctly stated that Burns's claim would fail because the complaint recites only legal conclusions and does not allege "facts that plausibly suggest that Defendants

12

engaged in any conspiracy to violate her right to the equal protection of the laws." The complaint alleges no specific interactions among the supposed co-conspirators to suggest that they had an agreement to deprive Burns of her rights. Moreover, as discussed above, the complaint also fails to sufficiently suggest that the alleged co-conspirators engaged in conduct amounting to an equal protection violation. *See* 42 U.S.C. § 1985(3) (a claim under this subsection must show an overt act in furtherance of a conspiracy to deprive a person of equal protection of the laws).

### F. N.Y. Exec. Law § 296

The District Court dismissed Burns's claim under N.Y. Exec. Law § 296 *sua sponte* for lack of subject matter jurisdiction, on the grounds that Burns already pursued that claim with the New York State Division of Human Rights ("NYSDHR") and therefore, under New York law, could not bring the same claim in federal court. *See Desardouin v. City of Rochester*, 708 F.3d 102, 106 (2d Cir. 2013). The jurisdictional bar does not apply if the NYSDHR dismissed the claim for administrative convenience, untimeliness, or annulment of the election of remedies. *See* N.Y. Exec. Law § 297(9).

As Burns points out, the NYSDHR did, in fact, dismiss her complaint for administrative convenience on May 10, 2012.[3]

---

[3] Neither party filed the dismissal order with the district court, and defendants did not raise the jurisdictional question in their motion to dismiss.

13

Hence, the District Court's order dismissing Burns's § 296 claim was based on an incorrect factual premise. However, the § 296 claim is a question of state law and lacks an independent basis for federal jurisdiction. Because we affirm the dismissal of Burns's federal claims, we now decline to exercise supplemental jurisdiction over her § 296 claim. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, the District Court's Order dismissing Burns's complaint is affirmed.

FOR THE COURT,

Catherine O'Hagan Wolfe
Clerk of Court

14