24-688-cv
*Parker v. Israel Discount Bank of N.Y., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand twenty-five.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

---

MARIAN E. PARKER,

> *Plaintiff-Appellant*,

v.                                                          24-688-cv

ISRAEL DISCOUNT BANK OF NEW YORK, INC.,*

> *Defendant-Appellee*.

---

* The Clerk of Court is respectfully requested to amend the case caption accordingly.

FOR PLAINTIFF-APPELLANT:                    Stephen Bergstein, Bergstein & Ullrich, LLP, New Paltz, NY.

FOR DEFENDANT-APPELLEE:                   Keith A. Markel, Alana R. Mildner Smolow & Kayla N. West, Morrison Cohen LLP, New York, NY.

Appeal from a February 6, 2024 judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED**.

Plaintiff-Appellant Marian E. Parker ("Parker") challenges the district court's grant of summary judgment in favor of Parker's former employer, Defendant-Appellee Israel Discount Bank of New York, Inc. ("IDB"). Parker, a technology risk specialist, brought disability discrimination, retaliation, and failure to accommodate claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 *et seq.*, alleging that IDB unlawfully terminated her employment during a three-month probationary period because of limitations arising from an injury she sustained to one of her fingers.

On appeal, she challenges the district court's dismissal of her discrimination claims.[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

**DISCUSSION**

We review *de novo* a district court's grant of summary judgment. *See Banks v. Gen. Motors, LLC*, 81 F.4th 242, 258 (2d Cir. 2023). On a motion for summary judgment, we "must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Cifra v. G.E. Co.*, 252 F.3d 205, 216 (2d Cir. 2001). Summary judgment is proper only if no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Parker's ADA claim for discrimination is subject to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See McMillan v. City of New York*, 711 F.3d 120, 125 (2d. Cir. 2013). Under the *McDonnell Douglas* framework, the plaintiff must first "establish a *prima facie* case of discrimination." *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 71 (2d Cir. 2019). The burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for their conduct. *McDonnell Douglas*, 411

---

[1] Parker does not appeal the district court's dismissal of her retaliation and reasonable accommodation claims. Rather, she characterizes IDB's termination of her as discriminatory "because she had sustained a medical disability and would require reasonable accommodations." Appellant Br. 14.

3

U.S. at 802. At the third step, the burden shifts back to the plaintiff to show that "the proffered legitimate reason [is] merely a pretext for discrimination." *Ferraro v. Kellwood Co.*, 440 F.3d 96, 100 (2d Cir. 2006) (internal quotation marks omitted).

Assuming, without deciding, that Parker's injury satisfies the *prima facie* requirement for her ADA discrimination claim, we conclude that she fails to carry her burden at the third step of the *McDonnell Douglas* framework, which requires her to demonstrate that IDB's reasons for terminating her were pretextual. Pretext "may be demonstrated either by the presentation of additional evidence showing that the employer's proffered explanation is unworthy of credence, or by reliance on the evidence comprising the prima facie case." *Sista v. CDC Ixis N.A., Inc.*, 445 F.3d 161, 173 (2d Cir. 2006) (internal quotation marks omitted). Here, the record undisputedly shows (1) that Parker was terminated within the 90-day probationary period for her employment at IDB; (2) that Parker had a deadline of January 23, 2019, to submit to her supervisor the Information Security Work Plan ("Work Plan"), a document cataloguing IDB's information-security-related action items, and, despite her supervisor's multiple requests, she failed to submit the Work Plan until February 1, 2019; and (3) that her supervisor identified numerous errors in the Work Plan that went to its substance and accuracy.

4

Parker's averment by declaration that her supervisor was "angry" with her request to attend occupational therapy appointments for her injury is insufficient to raise a triable issue of fact as to pretext. *See Hayes v. Dahlke*, 976 F.3d 259, 267–68 (2d Cir. 2020) (explaining that "a mere scintilla of evidence" is insufficient to create a genuine dispute of fact (internal quotation marks omitted)). Evidence that Parker's supervisor forwarded to Human Resources her January 29, 2019 email, which referenced her inability to take notes at the January 22 meeting, does not support her claim of pretext. The content of the email displayed Parker's negative attitude at work, as it addressed her supervisor in an unmistakably obstinate and uncooperative manner. Further, Parker's supervisor had already sent a confidential memorandum to Human Resources recommending her termination. The record establishes that, prior to this email exchange, Parker's supervisor intended to terminate Parker based on her work performance, not her injury or disability. Although Parker was terminated on February 4, 2019, the same day that she requested a medical accommodation form from Human Resources, the record establishes that as early as February 1, Parker's supervisor notified Human Resources that he intended to terminate her on February 4. That sequence of events precludes a finding that her request for the form caused her termination. Because Parker has not met her burden of showing that IDB's reasons for her termination were pretextual, the district court's dismissal of her ADA discrimination claim was proper.

Because we affirm the dismissal of Parker's only remaining federal claim, we decline to exercise jurisdiction over her appeal of the district court's dismissal of her NYSHRL and NYCHRL discrimination claims. *See Sherwood 48 Assocs. v. Sony Corp. of Am.*, 76 F. App'x 389, 391–92 (2d Cir. 2003) (summary order); *Burns v. City of Utica*, 590 F. App'x 44, 51 (2d Cir. 2014) (summary order). Accordingly, Parker's NYSHRL and NYCHRL discrimination claims are dismissed without prejudice to her pursuing them in state court.

\*     \*     \*

For the foregoing reasons, we **AFFIRM** the judgment of the district court insofar as it dismissed the federal ADA claim; **VACATE** the portion of the judgment that dismissed the state and NYCHRL claims; and **REMAND** the case to the district court for entry of a judgment dismissing the state and city claims without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6