**SHERWOOD 48 ASSOCIATES and Super Sign Company, Plaintiffs,**

. v.

**SONY CORPORATION OF AMERICA, et al., Defendants.**

**No. 02 CIV. 2746(RO).**

United States District Court, S.D. New York.

July 30, 2002.

Daniel J. Warren, Carrie A. Hanlon, Sutherland, Asbill & Brennan, LLP, Atlanta, Georgia, Anthony J. Costantini, Gregory P. Gulia, Duane Morris, LLP, New York City, Attorneys for Plaintiffs.

Bruce P. Keller, Michael R. Potenza, Debevoise & Plimpton, New York City, Attorneys for Defendants.

## OPINION AND ORDER

OWEN, District Judge.

Once upon a time, at a gathering of many thousands in New York's Times Square for the "World Unity Festival," the crowd was murderously attacked by the jet-powered Green Goblin, who was, however, eventually put to flight by the timely arrival of Spider–Man. This event was memorialized on film, which swept the almost totally advertising-encrusted buildings surrounding Times Square, including New York City's Municipal Building (with an added balcony) which had been digitally removed uptown to be on the west side of the Square.

This memorialization has spawned an action by three plaintiffs, owners of certain of the advertising-encrusted Times Square buildings [1] claiming that the memorializers of the event digitally substituted several different advertising billboards in place of those actually there at the time of the event.[2] This, they claim, violates trademark and trade dress law. They assert secondary meaning as to their changing displays,[3] and unfair competition and false endorsements, which, they contend, raises confusion in the film's viewers' minds as to their several buildings' association with the substituted advertisements. They also claim trespass in defendants' laser filming the facades of their advertising covered buildings.

This case involves defendant Sony's 2002 motion picture "Spider-Man." To make the scenes in question, Sony took a number of digital pictures of the total surroundings in the actual Times Square, which included the plaintiffs' three buildings, and then, through digital technology, created its modified version of Times Square in which to place the action in the scenes in question. Plaintiffs' buildings are just fleetingly visible from time to time as background in these peripatetic action scenes.

 As to plaintiffs claim of confusion—as between whom was any purchasing decision affected? *Lang v. Retirement Living Publ'g Co., Inc.,* 949 F.2d 576 (2d Cir.1991); as to trade dress—these buildings constantly change their advertisement dress, *FM 103.1 v. Universal Broad. of New York,* 929 F.Supp. 187 (D.N.J.1996); and trespass?—bouncing a laser beam off a building to create a digital photograph? Light beams bounce off plaintiffs' three buildings day and night in the city that never sleeps.[4]

Finally, what exists here is for artistic purposes a mixture of a fictionally and actually depicted Times Square, which is central to a major scene in the movie thereby serving the theatrically relevant purpose of orienting the viewer to the location, *New York Racing Assoc. v. Perlmutter Publ'g, Inc.,* 959 F.Supp. 578 (N.D.N.Y.1997). This has First Amendment protection, *Cliffs Notes, Inc. v. Bantam Doubleday Dell Publ'g Group,* 886 F.2d 490 (2d Cir.1989). Observing the digital manipulation of the actual Times Square environment further removes plaintiffs' contentions from viability.

Defendants' motion for judgment on the pleadings dismissing the complaint with prejudice is granted. Submit order on notice.

---

1. One Times Square, Two Times Square and 1600 Broadway. These owners' licensors are also plaintiffs.

2. For example, Sony substituted a "USA Today" ad of simpler and perhaps more artistically satisfying appearance than the less directly presented "Samsung" ad it replaced.

3. At one point, plaintiffs appear to contend that it is their buildings that have secondary meaning, but that is a visual impossibility, since the buildings themselves are almost 100% obscured by the advertisements.

4. Other contentions, such as dilution, do not warrant addressing.