SHERWOOD 48 ASSOCIATES, Super Sign Company, Jamestown One Times Square, L.P., OTS Signs, L.P., Sherwood 1600 Associates, and Broadway Media LLC, Plaintiffs–Appellants,

v.

SONY CORPORATION OF AMERICA, Sony Pictures Entertainment, Inc., Sony Pictures Digital Entertainment, Inc., Columbia TriStar Film Distributors International, Inc., and Sony Pictures Releasing Corp., Defendants–Appellees,

No. 02–9100.

United States Court of Appeals, Second Circuit.

Sept. 29, 2003.

Thomas H. Golden (David L. Foster,), Wilkie Farr & Gallagher, New York, N.Y. (Vincent N. Palladino,), Fish & Neave, New York, NY, for Appellants, of counsel.

Bruce P. Keller (Michael R. Potenza), Debevoise & Plimpton, New York, NY, for Appellees, of counsel.

PRESENT: VAN GRAAFEILAND McLAUGHLIN and CABRANES, Circuit Judges.

## SUMMARY ORDER

Plaintiffs Sherwood 48 Associates, Super Sign Company, Jamestown One Times Square, L.P., OTS Signs, L.P., Sherwood 1600 Associates, and Broadway Media LLC (collectively, the "Property Owners") appeal from a judgment of the United States District Court for the Southern District of New York (Richard Owen, *Judge* ), granting a motion for judgment on the pleadings in favor of Sony Corporation of America and other producers and distributors of the motion picture *Spider–Man* (collectively, "Sony"). For the reasons set forth below, we find no error in the District Court's decision to dismiss the Property Owners' three federal claims. However, we conclude that the District Court erred when it exercised supplemental jurisdiction over the state law claims and then dismissed those claims with prejudice. Accordingly, we vacate the District Court's dismissal of the state law claims with prejudice and remand the case to the District Court with instructions to dismiss the claims without prejudice.

BACKGROUND

Plaintiffs are the owners and licensees of advertising space on One Times Square, Two Times Square, and 1600 Broadway (collectively, "the Buildings"). Defendants produced and distributed the motion picture *Spider–Man,* which includes a scene set in Times Square during a fictional "World Unity Festival." In order to generate revenue, Sony made agreements with various companies to superimpose their advertising on the Buildings as they appear in the recreated version of Times Square.

The complaint alleges violations of the Lanham Act, 15 U.S.C. § 1125(a), as well as unfair competition, deceptive trade practices, dilution, and trespass claims under New York law. Sony moved for judgment on the pleadings on all seven claims under Rule 12(c) of the Federal Rules of Civil Procedure. The District Court granted the motion, and dismissed the Property Owners' claims. The Court reasoned:

> As to plaintiffs claim of confusion—as between whom was any purchasing decision affected? *Lang v. Retirement Living Publg. Co., Inc.,* 949 F.2d 576 (2d Cir.1991); as to trade dress—these buildings constantly change their advertisement dress, *FM 103.1 v. Universal Broad. of New York,* 929 F.Supp. 187 (D.N.J.1996); and trespass?—bouncing a laser beam off a building to create a digital photograph? Light beams bounce off plaintiffs' three buildings day and night in the city that never sleeps.

*Sherwood 48 Assocs. v. Sony Corp. of Am.,* 213 F.Supp.2d 376, 377 (S.D.N.Y.2002). The Court concluded also, apparently as an alternative ground for its decision, that Sony's conduct was protected by the First Amendment. *Id.*

DISCUSSION

## I. Federal Claims

Section 43(a) of the Lanham Act provides a private cause of action against any person who, "in connection with any goods ... or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, ... which ... is likely to cause confusion, or to cause mistake, or to deceive ... as to the origin, sponsorship, or approval of his or her goods ... by another person...." 15 U.S.C. § 1125(a). The protection against unregistered trademark infringement extends to "trade dress," *see Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 773, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992), which encompasses the design and appearance of a product along with all the elements that serve to identify the product to consumers, *see Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 31 (2d Cir.1995).

To plead a claim of trade dress infringement involving the appearance of a product, Property Owners must allege that (1) the claimed trade dress is non-functional; (2) the claimed trade dress has secondary meaning; and (3) there is a likelihood of confusion between the plaintiff's good and the defendant's. *See Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 115–16 (2d Cir.2001). A plaintiff must also offer "a precise expression of the character and scope of the claimed trade dress." *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir.1997).

■ The Property Owners have not identified their purportedly protectable trade dress with precision. In the Amended Complaint, the trade dress is described as "the unique configuration and ornamentation of One Times Square, Two Times Square and 1600 Broadway and the advertising and signage display on One Times

Square, Two Times Square and 1600 Broadway." (Am.Compl.¶ 66) On its face, the Amended Complaint thus claims trade dress rights in *both* the configuration and ornamentation of each building *and* the advertising and signage display on each building.

This description is inadequate. We have stated that the "focus on the overall look of a product does not permit a plaintiff to dispense with an articulation of the specific elements which comprise its distinct dress." *Landscape Forms*, 113 F.3d at 381. By seeking protection of both "the configuration" of the three buildings and the advertising and signage display on the faces of the buildings, the Property Owners plainly seek to protect the "overall look" of each of the buildings, and yet they fail to identify the specific elements that comprise each building's identifiable trade dress. This basic defect in the Property Owners' pleadings, *i.e.*, the vague and overbroad articulation of the trade dress elements in the Amended Complaint, cannot be cured, notwithstanding the Property Owners' attempts to recharacterize their alleged trade dress on appeal. *Compare, e.g.*, Plaintiffs–Appellants' Reply Br. at 9 (describing the alleged trade dress as "the appearance of each building, *stripped of* the specifics of their signage" (emphasis added)) *with* Am. Compl. ¶ 66 (alleging that "the advertising and signage display" on each building is part of the "protectible trade dress").

## II. State Claims

■ The Amended Complaint alleges four claims under New York law. Count IV alleges the tort of unfair competition. Count V alleges the tort of deceptive trade practices. Count VI alleges the tort of dilution, and Count VII alleges the tort of trespass. We conclude that the District Court erred in asserting supplemental ju-

risdiction over these claims and then dismissing them with prejudice.

Although 28 U.S.C. § 1367 gives District Courts discretion to exercise supplemental jurisdiction over state law claims, that discretion is not unlimited. *See Valencia v. Lee*, 316 F.3d 299, 305–306 (2d Cir.2003) (explaining that, under certain circumstances, "a federal court's determination of state-law claims [can] conflict with the principle of comity to the States and with the promotion of justice between the litigating parties"). In several cases, this Court has held that district courts erred as a matter of law when they dismissed federal claims early in the case and then exercised supplemental jurisdiction over state claims that involve unsettled questions of state law. *See, e.g., id.* at 306; *Morse v. Univ. of Vermont*, 973 F.2d 122, 127–28 (2d Cir.1992).

This case presents an unsettled question of New York state law, to wit, whether a trespass is committed under New York law when a party's physical contact with another party's personal property diminishes the value of that property without damaging that property. Although a federal district court applying New York law has suggested that a "trespasser is liable when the trespass diminishes the . . . value of personal property" even in the absence of physical damage to the property, *Register.com, Inc. v. Verio, Inc.*, 126 F.Supp.2d 238, 250 (S.D.N.Y.2000) (citations and internal quotation marks omitted), the California Supreme Court, in an exhaustive opinion, recently concluded that "the tort [of trespass to chattels] does not encompass, and should not be extended to encompass, an electronic communication that neither damages the recipient computer system nor impairs its functioning," *Intel Corp. v. Hamidi*, 30 Cal.4th 1342, 1347, 71 P.3d 296 (2003). A New York court should determine whether physical damage to the Buildings in this case is a prerequisite to a trespass claim. A New York court should likewise decide whether the Property Owners' other state claims, which were dismissed without discussion by the District Court, have any merit. The First Amendment does not compel dismissal of the state claims at the pleading stage. This Court has consistently recognized that, with respect to artistic works, the First Amendment will not bar trade dress claims "where the public interest in avoiding consumer confusion outweighs the public interest in free expression." *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir.1989). In balancing these two interests, the key question is whether an alleged trademark infringement has any artistic relevance to the underlying work. *See id.* Here, the Property Owners have alleged that Sony altered the billboards in Times Square to generate revenue for their film. (Am. Compl.¶¶ 49–50) Although Sony need only prove that replacing the ads in Times Square had at least some artistic relevance in order to assert a valid First Amendment defense, it has not done so at the pleading stage.

III.   Conclusion

So much of the District Court's judgment as grants Sony's motion to dismiss the Lanham Act claims on the pleadings is AFFIRMED. That portion of the judgment granting Sony's motion to dismiss the New York claims is VACATED, and the case is REMANDED to the District Court with instructions to dismiss the New York claims without prejudice.