NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HIGH POINT DESIGN LLC,**
*Plaintiff-Appellee*

**MEIJER, INC., SEARS HOLDINGS CORPORATION, WAL-MART STORES, INC.,**
*Third Party Defendants-Appellees*

**v.**

**BUYER'S DIRECT, INC.,**
*Defendant/Third Party Plaintiff-Appellant*

---

2014-1464

---

Appeal from the United States District Court for the Southern District of New York in No. 1:11-cv-04530-KBF, Judge Katherine B. Forrest.

---

Decided: July 30, 2015

---

MARK S. DAVIES, Orrick, Herrington & Sutcliffe LLP, Washington, DC, argued for plaintiff-appellee and third party defendants-appellees. Also represented by ROBERT M. ISACKSON, RACHEL WAINER APTER, NICHOLAS H. LAM, New York, NY; JEFFREY MARK KADEN, DAVID S. KASHMAN,

MARIA A. SAVIO, ARIEL S. PEIKES, Gottlieb Rackman & Reisman, P.C., New York, NY.

ANDREW M. OLLIS, Oblon, Spivak, McClelland, Maier & Neustadt, LLP, Alexandria, VA, argued for defendant/third party plaintiff-appellant. Also represented by TIA DAE FENTON, LISA MANDRUSIAK, CHRISTOPHER RICCIUTI.

————————————

Before DYK, SCHALL, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

This is the second time this case has been appealed to our court. In *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301 (Fed. Cir. 2013) ("*High Point I*"), we reversed the United States District Court for the Southern District of New York's grant of summary judgment of invalidity of the design patent belonging to Buyers Direct, Inc. (BDI). We ruled that the district court made various errors in finding the claimed design obvious, including that it applied the wrong legal standard and failed to adequately explain how it reached the conclusion that the prior art created "basically the same" visual impression as the patented design. *Id.* at 1313–14. We also vacated the district court's dismissal of BDI's trade dress infringement claim because there was insufficient basis for this court to review the district court's decision to deny BDI the opportunity to amend the complaint. *Id.* at 1319–20.

On remand, the district court again granted summary judgment, finding that: (1) the asserted patent was anticipated; (2) the accused products did not infringe; (3) BDI was not entitled to additional discovery on infringement issues; and (4) BDI failed to show "good cause" for allowing its amendments to the complaint after the deadline in the scheduling order. *High Point Design LLC v. Buyer's*

*Direct Inc.*, No. 11 CIV. 4530 KBF, 2014 WL 1244558, at *7–9 (S.D.N.Y. Mar. 26, 2014) ("*Remand Order*").

BDI challenges each of these determinations on appeal. For the reasons set forth below, we reverse summary judgment of invalidity, affirm summary judgment of non-infringement, affirm the denial of BDI's motion for additional discovery, and affirm the denial of BDI's motion to amend the complaint.

## I.    BACKGROUND

The background of the case is set forth in *High Point I* and the *Remand Order*. We recount below only the facts pertinent to the issues on appeal.

BDI owns a design patent for the ornamental appearance of a fuzzy slipper, U.S. Patent No. D598,183 (the D'183 patent). The D'183 patent is entitled "Slipper," and recites one claim for "the ornamental design for a slipper, as shown and described" in eight figures. Exemplary Figures 1 and 4 are reproduced below:



Fig. 1                              Fig. 4

The claimed design discloses two embodiments for the slipper soles. One embodiment has a sole with two groups of raised dots (Figure 7 on the left), and the other has a sole with a smooth bottom (Figure 8 on the right).



A.

BDI manufactures a slipper called the SNOOZIE® (Snoozie), which it contends is an embodiment of the design disclosed in the D'183 patent. An exemplary Snoozie slipper is shown below:



High Point Design LLC (High Point) manufactures and distributes the accused FUZZY BABBA® slipper (Fuzzy Babba). Fuzzy Babba slippers are sold through various retailers, including Meijer, Sears, and Wal-mart (collectively Retailers) and are alleged to compete with Snoozie. An exemplary Fuzzy Babba slipper is shown below:



After learning about the Fuzzy Babba slippers, BDI sent a cease and desist letter to High Point asserting design patent infringement. In response, High Point filed a complaint in district court seeking declaratory judgment that the design of the accused slipper does not infringe the D'183 patent, and that the patent is invalid and/or unenforceable. BDI then counterclaimed for patent infringement and infringement of its trade dress for

Snoozie. BDI also filed a third-party complaint which alleged that the Retailers infringe the D'183 patent and BDI's trade dress by selling Fuzzy Babba slippers.[1]

B.

On February 28, 2012, the district court issued a scheduling order which set March 16, 2012, as the deadline for parties to amend their pleadings. BDI did not move to amend its counterclaims by that date. Four days after the deadline, on March 20, 2012, High Point filed motions seeking summary judgment of invalidity and non-infringement of the D'183 patent, and judgment on the pleadings with respect to BDI's trade dress claim.

BDI opposed the motion, including with its briefing an amended complaint that provided added detail describing the particular trade dress at issue in its trade dress claim.

The district court granted High Point's motion for summary judgment of invalidity, finding the patented design obvious over the prior art. *High Point Design LLC v. Buyer's Direct, Inc.*, No. 11 CIV. 4530 KBF, 2012 WL 1820565, at \*5 (S.D.N.Y. May 15, 2012) ("*2012 Order*"). The district court based its determination on two primary references: the Laurel Hill and the Penta slippers, both of which were sold at one point in time by Woolrich (collectively the Woolrich Prior Art).



Laurel Hill



Penta

[1] High Point and the Retailers are collectively referred to as High Point for the remainder of this opinion.

The district court also dismissed BDI's trade dress claim as inadequate under the pleading requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure (Federal Rules). *Id.* at *6. In particular, the district court found BDI failed to set forth the specific characteristics and scope of the trade dress at issue as required by Second Circuit law. *Id.* (citing *Sherwood 48 Assoc. v. Sony Corp. of Am.*, 76 F.App'x. 389, 391 (2d Cir. 2003)). Accordingly, the district court entered final judgment in favor of High Point. *2012 Order*, 2012 WL 1820565, at *6.

BDI appealed the district court's grant of summary judgment and the dismissal of its trade dress infringement claim.

C.

In *High Point I*, we held that the district court's obviousness analysis was flawed for a number of reasons. We determined that the district court wrongly used an "ordinary observer" standard, instead of the appropriate "ordinary designer" test for obviousness. *High Point I*, 730 F.3d at 1313. We also found that the district court's verbal description of the D'183 patent translated the scope of the patented design at "too high a level of abstraction" and failed to focus on the distinctive visual appearance of the design. *Id.* at 1314 (quoting *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1331–32 (Fed. Cir. 2012)). We also found that the district court failed to sufficiently explain its determination that the Woolrich Prior Art created "basically the same" visual impression as the claimed design. *High Point I*, 730 F.3d at 1314.

We instructed the district court on remand to (i) apply the "ordinary designer" test for obviousness, *id.* at 1313; (ii) add sufficient detail to its verbal description of the claimed design "to evoke a visual image consonant with that design[,]" *id.* at 1314; and (iii) perform a side-by-side comparison of the D'183 patent design and the Woolrich

Prior Art to determine if they create the same visual impression, *id.*

As to BDI's trade dress claim, we concluded that the appropriate standard in the Second Circuit for addressing BDI's request to amend the pleadings was Rule 16(b)'s good cause standard. *Id.* at 1318–19 (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). In doing so, we found the analysis turned on the fact that BDI was seeking to amend the pleading after the deadline set forth in the scheduling order. *High Point I*, 730 F.3d at 1319. But because the district court did not explain why good cause did not exist under the circumstances, we vacated the dismissal and remanded for reconsideration under that standard. *Id.* at 1319–20.

## D.

On remand, the district court again granted summary judgment of invalidity. This time the district court found that the D'183 patent was anticipated by the Woolrich Prior Art. The district court offered the following description of the claimed design in support of its decision:

> To an ordinary observer, the '183 Patent is the design of a slipper with a formed body, a protrusion of fuzz or fluff, and a sole with some solidity. The outside of the slipper appears durable and looks to be made of a relatively tough material; the inside looks soft, plush, and made of a warm material. The sole appears to be fairly thick and looks sturdy.

*Remand Order*, 2014 WL 1244558, at *6.

Addressing each of the prior art designs in turn, the district court first determined that the Laurel Hill anticipated because it also had "a structured body, a soft-looking fluff surrounding the opening of the slipper, and a sole that appears durable and fairly thick." *Id.* The district court then found that the Penta also anticipated,

concluding that the Penta was even more similar to the D'183 patent than the Laurel Hill. The court found that the Penta "conveys the visual effect of a slipper, the body and sole of which have some defined shape and solidity but which has a protrusion of fluff or fuzz emanating from the foot opening." *Id.* at *7. Although the district court noted that a close study of the patented and prior art designs revealed differences, those differences were "minor" and insufficient to defeat anticipation. *Id.*

The district court also ruled in favor of High Point on grounds that the Fuzzy Babba slipper did not infringe the patented design. In particular, the district court found:

> The Fuzzy Babba conveys the visual effect of an entirely soft and malleable body with an indistinguishable sole; it is soft and malleable all around. In contrast, the visual effect of the '183 Patent is of a formed body and sole with some solidity; and a body distinct from the sole.

*Id.*

As to the trade dress claim, the district court found that BDI failed to demonstrate sufficient diligence to meet the "good cause" standard. *Id.* at *8–9. The district court relied primarily on its conclusion that BDI was on notice, prior to the deadline, that its trade dress claim was deficiently pled. *Id.* The district court found it would be "plainly inequitable to allow BDI to commit to dates in [the scheduling order], thereafter ignore them, and then be given another chance." *Id.* at *9. The district court also denied BDI's motion for additional discovery on infringement issues. *Id.*

Having found the D'183 patent invalid, not infringed, and the trade dress claim properly dismissed, the district court entered final judgment in favor of High Point. BDI timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a).

## II. DISCUSSION

We apply regional circuit law in reviewing a district court's grant of summary judgment. *Broadcast Innovation L.L.C. v. Charter Commc'ns, Inc.*, 420 F.3d 1364, 1366 (Fed. Cir. 2005). The Second Circuit reviews a grant of summary judgment without deference. *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). All evidence is construed in the light most favorable to the non-movant and all reasonable inferences are drawn in that party's favor. *Id.* Summary judgment is appropriate when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### A. Invalidity

We turn first to the district court's grant of summary judgment on anticipation.

Design patents are presumed to be valid. 35 U.S.C. § 282(a). A party seeking to invalidate a patent on the basis of anticipation must do so by clear and convincing evidence. *See Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1288 (Fed. Cir. 2002). Design patent anticipation requires a showing that a single prior art reference is "identical in all material respects" to the claimed invention. *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001) (quoting *Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1461 (Fed. Cir. 1997)). In other words, the two designs must be substantially the same. *See Door-Master,* 256 F.3d at 1312, 1313 (applying design patent infringement test from *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871), as the test for anticipation). Two designs are substantially the same "if the resemblance is such as to deceive [an ordinary observer], inducing him to purchase one supposing it to be the other[.]" *Gorham*, 81 U.S. at 528. Anticipation is a question of fact. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1237 (Fed. Cir. 2009). Summary

judgment is proper only when the evidence underlying anticipation is clear and convincing such that no reasonable fact-finder could find otherwise. *See SRAM Corp. v. AD-II Eng'g, Inc.*, 465 F.3d 1351, 1357 (Fed. Cir. 2006).

Viewing all evidence in the light most favorable to the non-moving party—BDI—we conclude that a reasonable jury could have found there was not clear and convincing evidence of anticipation.

In *High Point I*, we instructed that on remand, the district court should "add sufficient detail to its verbal description of the claimed design to evoke a visual image consonant with [the] claimed design." 730 F.3d at 1314. We also instructed that the district court should perform a side-by-side comparison of the claimed and prior art designs as part of the proper obviousness determination. *Id.* Notably, we cautioned that there appeared to be "genuine issues of material fact as to whether the Woolrich Prior Art are, in fact, proper primary references" for obviousness purposes under 35 U.S.C. § 103. *Id.*

On remand, the district court did not perform a side-by-side comparison, but concluded that the claimed and prior art designs share the "same characteristics" because they share "a structured body, a soft-looking fluff surrounding the opening of the slipper, and a sole that appears durable and fairly thick." *Remand Order*, 2014 WL 1244558, at *6; *see also id.* at *7.

We find again that the district court fundamentally erred in its analysis by analyzing the designs from "too high a level of abstraction" and failing to focus "on the distinctive visual appearances of the reference and the claimed design." *High Point I*, 730 F.3d at 1314 (quoting *Apple*, 678 F.3d at 1331–32). Specifically, the court's description does little more than point out the main concepts of the claimed design: a structured slipper having fuzzy material at the foot opening. *See Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 104 (Fed. Cir.

1996) ("By focusing on the design concept of [the patented] design rather than its visual appearance, the district court erred."). In doing so, the court failed to properly consider the ornamental aspects of the designs at issue. There are numerous such features in the body, the fuzzy material, and the sole of the designs, all of which were overlooked in the district court's analysis.

For example, there are meaningful differences between the curvatures of the slipper body designs. The body of the patented design has a distinct 'S' curve between the foot opening and the front of the slipper as viewed from the side, which ends in a downward slope toward the front of the body. By contrast, the Laurel Hill has a prominent upward curve near the front. The Penta is also different because it has a noticeably flatter, more even slope from the foot opening towards the front.



**D'183 patent, Figure 5**



**Laurel Hill Prior Art**



**Penta Prior Art**

There are also clear differences between the protruding fuzz of the claimed and prior art designs. In particular, the Woolrich Prior Art appears to differ from the claims in that both prior art slippers have a pronounced fleece overlap oriented outward and which obscures the top edge of the foot opening.[2] By contrast, no such overlap is visible in the patented design.

We also find that the district court failed to take into consideration the substantial differences between the ornamental aspects of the soles of the claimed design and the prior art designs. As we stated in *Contessa Food Prods., Inc. v. Conagra, Inc.*, "[o]ur precedent makes clear that all of the ornamental features illustrated in the figures must be considered in evaluating design patent infringement." 282 F.3d 1370, 1378 (Fed. Cir. 2002), *abrogated on other grounds by Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672–79 (Fed. Cir. 2008).

The district court did not address the ornamental aspects of the soles in the *Remand Order*, but stated in the *2012 Order* that "[t]he only difference between the slippers relates to the sole of the slippers, which is quite

---

[2]    We take note that the PTO also found substantial differences between the claimed and prior art fuzz designs in determining that the claims are patentable over the Woolrich Prior Art in reexamination proceedings. *See Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955, 961 (Fed. Cir. 1986). The PTO's Notice of Intent to Issue an Ex Parte Reexamination Certificate was issued during pendency of this appeal, on August 19, 2014, and was not part of the record on appeal. Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, we take judicial notice of the PTO's decision. *See also Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 549 (Fed. Cir. 2011). The Ex Parte Reexamination Certificate confirming patentability issued on September 25, 2014.

minor in the context of the overall slipper." 2012 WL 1820565, at *4. We disagree. There are unmistakable differences between the sole design of the D'183 patent and the Woolrich Prior Art. The patent claims one embodiment, shown in Figure 7, where the sole has dots. Those dots are arranged in a uniformly spaced pattern of rows and columns in two separate groups. One group is positioned closer to the front of the slipper, and narrows slightly toward the toe area. The other group is placed closer to the rear, and has a corresponding taper toward the rear area. The other embodiment, shown in Figure 8, has a smooth sole. Neither of the Woolrich Prior Art designs has either of these design components.

The prior art designs instead each have their own distinct ornamental designs. The Laurel Hill sole has embedded within it images of four trees and two moose. The Laurel Hill also has a grooved border not present in the claimed design. The Penta sole has a large "WOOLRICH" image imprinted thereon and is also decorated with a distinct pattern. Like the Laurel Hill—but unlike the claimed design—the Penta also has a grooved border.

As we cautioned in *High Point I*, there appeared to be genuine issues of material fact regarding whether the Woolrich Prior Art properly served as base references under this court's obviousness law. 730 F.3d at 1314. We now similarly hold that the evidence is not so clear and convincing such that a reasonable fact-finder could not find for BDI on anticipation. For these reasons, we reverse summary judgment of invalidity.

## B. Infringement

We turn next to the district court's grant of summary judgment of non-infringement.

Infringement is a question of fact, *Lockheed Martin Corp. v. Space Sys./Loral, Inc.*, 324 F.3d 1308, 1318 (Fed. Cir. 2003), and must be proved by a preponderance of the

evidence, *Egyptian Goddess*, 543 F.3d at 678. Summary judgment of non-infringement is appropriate when no reasonable fact-finder could find the accused design substantially similar to the claimed design. *See Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1578 (Fed. Cir. 1995).

Infringement of design patents is judged by the same test as anticipation—whether two designs are "substantially the same." *See Egyptian Goddess*, 543 F.3d at 678 (adopting test set forth in *Gorham*, 81 U.S. at 528 as sole test for design patent infringement). Under *Egyptian Goddess*, where the claimed and accused designs are "sufficiently distinct" and "plainly dissimilar," the patent-ee does not meet its burden of proving infringement. *Id.* Only if the claimed and accused designs are not plainly dissimilar does the inquiry potentially benefit from comparison of the claimed and the accused designs in with the prior art. *Id.* We agree with the district court that it is not necessary to resort to a comparison with the prior art in ruling on infringement here.

The district court conducted a side-by-side comparison between the claimed design and the accused Fuzzy Babba slippers, and concluded that "the Fuzzy Babba's appearance evokes a soft, gentle image, while the D'183 patent appears robust and durable." *Remand Order*, 2014 WL 1244558, at \*7. Finding that a consumer would not confuse the two designs, the court then granted summary judgment of non-infringement. *Id.* at \*7–8. We agree.



**Accused Fuzzy Babba design**



**D'183 patent, Figure 5**

We conclude that the patented and accused designs bring to mind different impressions. The Fuzzy Babba design appears soft and formless, whereas the claimed design appears structured and formed. These differences are reflected in the ornamental aspects of each of the designs. For example, the side profile of the Fuzzy Babba shows a relatively smooth, downward slope from the rear toward the front area of the slipper. By contrast, the D'183 patent design has a relatively defined, curved opening that is lower in the middle and higher at the edges. Further, the Fuzzy Babba has a relatively straight rear line, whereas the rear of claimed design bulges outward. The front areas of the two designs are also substantially dissimilar. The Fuzzy Babba has a relatively flatly sloping side profile, whereas the patented design has a curved profile, roughly following in an 'S' curve shape.

As we did with respect to invalidity, we also find that there are meaningful differences in the soles which affect the overall visual effect of the two designs. *See Source Search Tech's, LLC v. LendingTree, LLC*, 588 F.3d 1063, 1075 (Fed. Cir. 2009) ("It is axiomatic that claims are construed the same way for both invalidity and infringement." (citing *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003)). Unlike the D'183 patent design, the Fuzzy has a continuous distribution of dots throughout almost the entire length of the sole. These dots are of a constant width and in one group, in contrast to the varying width of dot columns displayed in Figure 7, and in further contrast to the embodiment in Figure 8 that has a smooth sole and no dots.

We recognize that both designs essentially consist of a slipper with a fuzzy portion extending upward out of the foot opening. Such high-level similarities, however, are not sufficient to demonstrate infringement. *See, e.g., Apple*, 678 F.3d at 1332 (finding error where district court looked to "general concept" of a tablet, as opposed to the

distinctive "visual appearance" of the claimed design); *Durling*, 101 F.3d at 104.

BDI also argues that the district court erred by not performing a comparison of the accused Fuzzy Babba slipper to BDI's alleged commercial embodiment, the Snoozie. We have long-cautioned that it is generally improper to determine infringement by comparing an accused product with the patentee's purported commercial embodiment. *See, e.g.*, *Sun Hill Indus., Inc. v. Easter Unlimited, Inc.*, 48 F.3d 1193, 1196 (Fed. Cir. 1995) *abrogated on other grounds by Egyptian Goddess*, 543 F.3d at 672–79.

If a patentee is able to show that there is no substantial difference between the claimed design and the purported commercial embodiment, a comparison between that embodiment and the accused design is *permissible*. *See L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1125–26 (Fed. Cir. 1993) ("When the patented design and the design of the article sold by the patentee are substantially the same, it is not error to compare the patentee's and the accused articles directly[.]"); *Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1189 (Fed. Cir. 1988). Contrary to BDI's suggestion, however, we have never mandated such comparisons and decline to do so here. The proper test for infringement is performed by measuring the accused products against the claimed design. *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 990 (Fed. Cir. 1993).

BDI also argues that the district court erred by failing to take into account how the accused products appeared as worn. We disagree. Even as worn, there are meaningful differences in the visual impression between the two designs. The Fuzzy Babba lacks the distinctive 'S' curve of the front area visible in Figure 4 of the claimed design. Moreover, the protrusion of fuzz in the Fuzzy Babba remains thicker toward the back then toward the front of

the foot opening. And critically, there remain the aforementioned differences in the soles of the two designs.

For all these reasons, we affirm the district court's grant of summary judgment of non-infringement.

## C. Motion for additional discovery

As a related matter, BDI argues that the district court should have allowed it to take additional discovery "related to product presentation and advertising to determine how the accused slippers are presented to customers" under Rule 56 of the Federal Rules. Appellant's Br. at 55.

We apply the law of the regional circuit when reviewing the district court's decision under Rule 56. *Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1310 (Fed. Cir. 2006). In the Second Circuit, denial of leave for additional discovery under Rule 56 is reviewed for abuse of discretion. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

We find the district court did not abuse its discretion. As an initial matter, we agree with High Point's contention that the information BDI seeks is generally available to the public. It is undisputed that the Retailers offer and sell the accused slippers through brick and mortar stores and on the Internet. Notably, BDI's motion for discovery was filed nearly two years after its counterclaims for infringement were filed. BDI has presented no reason why such discovery could not have been previously obtained. *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 928 (2d Cir. 1985) ("A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need.").

We further find that there is already sufficient evidence in the record showing how the accused Fuzzy Babba are sold and presented to customers. *See, e.g.*, A1358,

A1394–1435, A1440. The discovery sought by BDI is thus likely duplicative and, in light of our findings above regarding non-infringement, would not have prevented summary judgment. *See Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir. 1989) (movant must make a showing that additional discovery would reasonably expect to create a genuine issue of material fact).

Accordingly, we find that the district court's denial of BDI's motion for additional discovery was not an abuse of discretion.

### D. Motion to amend the pleadings

We also apply regional circuit law to our review of the district court's denial of BDI's motion to amend the pleadings. *See Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1354 (Fed. Cir. 2009). The Second Circuit reviews the denial of an untimely request to amend a pleading for an abuse of discretion. *See Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009).

In *High Point I*, we instructed the district court to consider whether there was "good cause" under Rule 16(b) of the Federal Rules for allowing BDI to amend its pleadings after the scheduling order deadline. 730 F.3d at 1319–20; *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). On remand, the district court denied the motion on grounds that BDI failed to show sufficient diligence to meet that standard. *Remand Order*, 2014 WL 1244558, at *8–9.

The district court's decision was based on its finding that High Point had notified BDI before the deadline that the trade dress claim was insufficiently pled. The district court found High Point had done so on two separate occasions before the March 16, 2012, deadline. On February 6, 2012, High Point submitted a reply to BDI's coun-

terclaims and alleged that the "look and feel of [BDI's Snoozies slippers] does not constitute protectable trade dress" and that BDI failed to state a claim. *Id.* at *8 (quoting A142 ¶¶ 17, 21). And on February 16, 2012, during the initial conference, High Point requested leave to file to file one or more motions dispositive of *all* claims on the face of the pleadings. *Id.* Given this notice, the district court found that BDI's failure to amend by the March 16, 2012 deadline evidenced a lack of sufficient diligence to demonstrate good cause.

We conclude that the district court did not abuse its discretion in denying BDI's motion to amend. In assessing whether good cause exists "the primary consideration is whether the moving party can demonstrate diligence." *See id.* at *4 (citing *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)).

We first disagree with BDI's proposition that High Point was responsible for notifying it, prior to the deadline, that the trade dress claim was deficiently pled. We are aware of no such requirement in the Second Circuit, and BDI has not presented any compelling reason we should so hold here.

As to "good cause," BDI presents no persuasive explanation for why it could not have reasonably met the agreed-upon deadline. It is undisputed that BDI, as the manufacturer of the Snoozie slipper, at all times had in its possession the information necessary to properly plead the scope of its alleged trade dress protection. *See Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (no good cause shown where "the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." (internal quotation marks and citation omitted)). Likewise, BDI has no explanation for why it was unaware of the applicable Second Circuit pleading requirements for trade dress infringement, which were at all relevant times

readily available. *See Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997).

Accordingly, we find that the district court did not abuse its discretion in denying the motion to amend the complaint.

\* \* \*

We have considered the parties' remaining arguments and, in light of the above, find them unpersuasive or unnecessary to the disposition of this case.

### III.    CONCLUSION

Because a reasonable fact-finder could conclude that there was not clear and convincing evidence that the D'183 patent is anticipated by the Woolrich Prior Art, we reverse summary judgment of invalidity.  And because there can be no genuine dispute that the claimed and accused Fuzzy Babba designs are plainly dissimilar, we affirm summary judgment of non-infringement.  We also affirm the district court's denial of BDI's motion for additional discovery and the denial of BDI's motion to amend the complaint.

**AFFIRMED IN PART, REVERSED IN PART**

COSTS

No costs.